# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cr56

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SARAH LAVONNE WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion (#26) for bond review. Review of such pleading reveals the motion was filed on November 23, 2010, but counsel supposedly signed the document December 23, 2010. Second, the motion references a bond hearing in a separate criminal action, United States v. Willis, 3:10cr240 (W.D.N.C.), and asks that bond in this matter be reconsidered along with consideration of bond in that case. In such action, Honorable David S. Cayer, United States Magistrate Judge, specifically referred defendant back to this case to seek review by the district court. Id., Text Order, 11/23/2010. The following day Judge Cayer determined in that case that defendant was a flight risk, a danger to the community, and had a substantial criminal history. Id., Order of Detention (#7).

Defendant has been properly detained pending sentencing as provided by 18 U.S.C. § 3143(a).[1] Determination of detention in cases such as this starts with an understanding that detention is *mandated* by 18, United States Code, Section

---

[1] Defendant has pled guilty to an 18 U.S.C. § 922(g)(1) offense, which is an offense specified under 18 U.S.C. § 3142(f)(1)(E), as it involves the possession of a firearm.

-1-

3143(a)(2), which provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
> (A)
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). This provision provides that the court "shall" detain the defendant. Defendant's remedy, if any, is found exclusively in 18, United States Code, Section 3145(b)&(c), which provides as follows:

> **(b) Review of a Detention Order.**— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal From a Release or Detention Order.**— An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)(&(c). See United States v. Goforth, 546 F.3d 712 (4th Cir. 2008); United States v. Vilaiphone, 2009 WL 412958 (Feb. 19, 2009 W.D.N.C.)

(Reidinger, J., applying Goforth and finding no exceptional circumstance).[2] In Vilaiphone, the district court found as follows:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." *See United States v. Larue*, 478 F.3d 924, 926 (8th Cir.2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir.2004) ( "Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (*quoting United States v. DiSomma*, 951 F.2d 494, 497 *2d Cir.1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. *See United States v. Little*, 485 F.3d 1210, 1211 (8th Cir.2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." *See Lea*, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). *See United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir.2003) ("Hardships that commonly result from imprisonment do not meet the standard."); *United States v. Mahabir*, 858 F.Supp. 504, 508 (D.Md.1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c) .").

Id., at 2. While medical issues were not at issue in Vilaiphone, the court has been able

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

to find guidance from a decision of another district court. Although not precedential, the court finds it to be highly persuasive as it is not instructive:

> As to defendant's medical condition as an exceptional reason, there is again little guidance from the legislative history. *See Koon*, 6 F.3d at 564, n. 8:
>
>> In suggesting that a safety valve from the mandatory detention provisions of § 3145 be enacted, Assistant Attorney General Crawford gave ill health and infirmity from age as examples which might make detention unduly harsh. 135 Cong.Rec. § 15202 (daily ed. Nov. 7, 1989). Regardless, as the Second Circuit put it, the "full exercise of discretion in these matters ... certainly is not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: 'exceptional reasons.' " *DiSomma*, 951 F.2d at 497.
>
> As to proper medical attention, defendant has available the medical facilities and services of the Bureau of Prisons. Considering defendant's financial condition and potential earning capacity, it is doubtful that he could secure superior treatment if released. In any event, there is no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities.

United States v. Rodriguez, 50 F.Supp.2d 717, 722 (N.D.Ohio 1999). In this case, defendant states that she suffers from the chronic illnesses of arthritis and diabetes. These are very common illnesses among the prison population and may be routinely treated. Thus, applying the logic of Rodriguez, it would appear that exceptional circumstances do not exist in this case. As to care of defendant's mother, as to whom defendant states her health is failing too, such is also not an exceptional circumstance as it most common for people to have family members with ill health.

In conclusion, the court has reviewed the substance of the motion and it appears that the key reason cited for release, preparation of a defense in 3:10cr240 (Motion,

at ¶ 8), no longer exists as defendant has pled guilty to such charges, id., at (#13), and the court has accepted such plea (#14). The court has also considered the other reasons cited in the motion, defendant's health (which include chronic health problems as opposed to acute health problems) and the failing health of her mother (Motion, ¶¶ 6-7), and the court cannot find such to be circumstances that would warrant release pending sentencing.

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for bond review (#26) is **GRANTED,** and having reviewed the Order of Detention in this matter, the court **REAFFIRMS** the determination of Judge Cayer to detain defendant in this matter.

Signed: April 22, 2011

Max O. Cogburn Jr.
United States District Judge