UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-56-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SARAH LAVONNE WILLIS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's letter (#49), which the court deems to be a Motion to Alter the Judgment. The Judgment (#36) was entered on November 3, 2011, and is now final. In the instant motion, defendant seeks to amend the now final Judgment to alter the schedule of payments under Inmate Financial Responsibility Program ("IFRP"). Specifically, defendant seeks to delay payment until she is released from prison.

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in the criminal judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the *district of confinement*, not with

the sentencing court.  See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).  Defendant is not housed in this district. While *this* court can afford petitioner no relief, the court will strongly recommend that petitioner work with her case manager on this matter.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that defendant's letter, deemed to be a Motion to Alter Judgment (#49), is **DENIED**.

Signed: September 4, 2013

Max O. Cogburn Jr.
United States District Judge