UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00056-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **SARAH LAVONNE WILLIS,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Letter (#51), which the court deems to be a Motion to Alter Payment Under the IFRP.

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in a criminal judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the *district of confinement*, not with the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

Reading the motion broadly, defendant may be contending that under United States v. Miller, 77 F.3d 71 (4th Cir. 1996) the court is not only obligated to schedule post-incarceration restitution payments while on supervised release, but to schedule and oversee her payments while participating in the IFRP. In a nearly identical argument addressed by the United States

1

Court for the Northern District of West Virginia, that court first noted that raising such argument for the first time on a collateral attack was not appropriate:

> First, even if the restitution order entered by the sentencing court violated the prohibition set forth in *Miller*, *supra*, that decision was decided in the context of a direct appeal. Here, the petitioner did not challenge the district court's restitution order via a direct appeal. In a collateral attack, for an alleged error of law to merit relief, it must be shown that the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice. *See United States v. Addinizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805[] (1979). Clearly, an order that petitioner pay his restitution while incarcerated through the IFRP falls far short of a complete miscarriage of justice.

Dobbins v. Deboo, 2009 WL 3584004, 5 (N.D.W.Va. Oct. 28, 2009). As to the merits of the claim, the court found that

> at least one district court recently found that the 'holding in *Miller* does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's "core judicial function."['] …. The petitioner eventually filed a § 2241 petition arguing that, because the sentencing court did not set a specific schedule for collecting the fine during his incarceration, the BOP was prohibited from setting a payment schedule. The petitioner . . . like the petitioner herein, relied on the Fourth Circuit decision in *Miller*, *supra*. However, the district court concluded that the holding in *Miller* does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's "core judicial function." …. [T]he IFRP simply allows the prisoner to satisfy payment through a BOP program. Accordingly, the undersigned concludes that the order entered by the United States District Court for the Northern District of Ohio did not violate the *Miller* mandate.

Id. at 6. In any event, the Court of Appeals for the Fourth Circuit has rejected a nearly identical contention made under Miller

> In his pro se supplemental brief, Caudle's first claim is that the district court erred by delegating authority to the Bureau of Prisons ("BOP") to set the timing and payment amount of his criminal monetary penalties through the Inmate Financial Responsibility Program ("IFRP"). A district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions. *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir.1996). "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." *Id.* at 78; see also 18 U.S.C. § 3572(d). In this case, the

district court did set the amount and timing of the criminal monetary penalties by ordering payment due immediately. Furthermore, participation in the IFRP does not violate *Miller. See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine) (*citing McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999), and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir.1998)). Therefore, Caudle's claim is without merit.

United States v. Caudle, 261 Fed.Appx. 501, 503-504, 2008 WL 110945, 2 (4th Cir. Jan. 10, 2008) (unpublished).[1] As this court set the amount and timing of restitution payments by ordering immediate payment, defendant's participation in the IFRP does not violate Miller. Moreover, the IFRP is a *voluntary* program which allows the BOP to withhold prisoner's wages for payment of court-ordered monetary obligations, and does not violate due process. Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002). In denying the instant motion, the court emphasizes that defendant work with her case manager and explain to such officer why she believes the payment schedule is too onerous.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Alter Payment Under the IFRP (#51) is DENIED.

Signed: July 25, 2014

Max O. Cogburn Jr.
United States District Judge

---

1  While such unpublished, *per curium* decision is not precedential, the court finds it to be highly persuasive.